UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **DARRYL WEBB AND KATHY WEBB,**<br>　　　　　　　　　　**Plaintiff,**<br>v.<br>**SYNGENTA CROP PROTECTION, LLC, SYNGENTA AG, and CHEVRON U.S.A., INC.,**<br>　　　　　　　　　　**Defendants.** | MDL NO. 3004<br>3:21-MD-3004-NJR<br>3:23-pq-03625-NJR |

### DECLARATION OF MARLENE GOLDENBERG

I, Marlene Goldenberg, state and declare as follows:

1. I am an attorney and partner in the law firm of Nigh Goldenberg Raso & Vaughn PLLC. I am admitted *pro hac vice* to practice before this Court. I make this declaration based upon my own personal knowledge. If called upon to testify, I could and would testify competently to the truth of the matters stated herein:

2. Plaintiffs Darryl Webb and Kathy Webb ("Plaintiffs") previously retained Searcey Denny Scarola Barnhart & Shipley, P.A. ("Searcey Denney") in connection with their personal injury and loss of consortium claims against the manufacturers of paraquat. *See* 3:23-p1-03625-NJR, ECF 1 (Nov. 8, 2023). Searcey Denney filed a Complaint in this MDL on behalf of Plaintiffs. *Id.*

3. On March 13, 2024, Searcey Denney filed a Motion to Withdraw as counsel. *See* 3:23-p1-03625-NJR, ECF 9 (Mar. 13, 2024).

4. The Court entered an Order stating its preference for Mr. Webb to have substitute counsel before permitting withdrawal and ordered Plaintiffs to identify their substitute counsel

before it would terminate Searcey Denney's representation. *See* 3:23-p1-03625-NJR, ECF 10 (Mar. 18, 2024).

5. On April 15, 2024, Plaintiff Darryl Webb entered a Notice of Pro Se Appearance on behalf of himself and Kathy Webb. *See* 3:23-p1-03625-NJR, ECF 13 (April 15, 2024).

6. The Court then granted Searcey Denney's Motion to Withdraw as Counsel. *See* 3:23-p1-03625-NJR, ECF 14 (May 2, 2024).

7. Though proceeding pro se, Plaintiff Darryl Webb attempted to retain other counsel. He was referred to Nigh Goldenberg Raso & Vaughn, PLLC (NGRV) which entered an appearance on his behalf on May 9, 2024. *See* 3:23-p1-03625-NJR, ECF 15 (May 9, 2024).

8. On February 18, 2026, Mr. Webb requested in writing via email that NGRV terminate its representation of Plaintiffs.

9. On February 18, 2026, NGRV notified Plaintiffs by email that it would withdraw.

10. Once Mr. Webb received his settlement offer through the settlement program, I have spent extensive amounts of time with Mr. Webb, explaining the nuances of the settlement program, Mr. Webb's right to opt in, opt out, appeal and further repeatedly advised him of his ability to seek the opinion of other attorneys if he wished to fully explore other options. In light of Mr. Webb terminating NGRV, I also provided Mr. Webb with information about the upcoming deadlines in the settlement program and his deadlines for deciding how he wishes to proceed with his case.

11. In light of the Court's March 18, 2024 Order expressing a preference for substitute counsel, NGRV advised Plaintiffs of their right to obtain substitute counsel so they could be identified in this Motion, but to the best of my knowledge, Plaintiffs have no retained other counsel at this time.

12. On February 18, 2026, Mr. Webb acknowledged receipt and reaffirmed his desire for NGRV to resign; Mr. Webb did not identify substitute counsel.

Dated: February 20, 2026                                                     /s/ *Marlene Goldenberg*
                                                                                              Marlene Goldenberg